# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE GONZALEZ, | Civil No. 3:17-cv-759 |
| Petitioner | (Judge Mariani) |
| v. | |
| J. BALTAZAR, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by Petitioner Frankie Gonzalez ("Gonzalez"), a federal inmate incarcerated at the Canaan United States Penitentiary, Waymart, Pennsylvania. Gonzalez challenges a sentence imposed by the United States District Court for the District of New Jersey for convictions of Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy and conspiracy to distribute and possess with intent to distribute heroin. (Doc. 1). Specifically, Gonzalez challenges the legality of his detention based upon his belief that he is "'Actually Innocent' of his 18 U.S.C. § 1962(d) RICO Conspiracy and 21 U.S.C. § 846 convictions" in light of the United States Supreme Court case of *Rosemond v. United States*, ___ U.S. ___, 134 S.Ct. 1240 (2014). (Doc. 1, pp. 2, 8, 13-16).

Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254

CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

The following background has been extracted from a decision of the United States Court of Appeals for the Third Circuit affirming the District Court's denial of Gonzalez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c):

> In 1996, Gonzalez was convicted on two counts: RICO conspiracy, 18 U.S.C. § 1962(d), and conspiracy to distribute and to possess with intent to distribute a controlled substance (heroin), 21 U.S.C. § 846. The District Court sentenced Gonzalez to two concurrent life terms. [The United States Court of Appeals for the Third Circuit] affirmed on direct appeal, and the Supreme Court denied certiorari review. Gonzalez next filed a 28 U.S.C. § 2255 motion, which the District Court denied as untimely filed. [The United States Court of Appeals for the Third Circuit] denied a certificate of appealability in August 2001.
>
> In March 2008, Gonzalez moved in the District Court to reduce his sentence pursuant to § 3582(c)(2), arguing that he was entitled to relief under Amendment 591 to the Sentencing Guidelines. Gonzalez also filed a motion for discovery, seeking copies of documents pertaining to his criminal case. The District Court denied both motions, holding that there were no grounds upon which to compel discovery and that Gonzalez "is not eligible for [a sentence] modification, pursuant to 18 U.S.C. § 3582(c)(2), because the Sentencing Commission has not lowered the sentencing range for 18 U.S.C. §§ 1961, 1962(c), or 1962(d); or 21 U.S.C. §§ 841(a)(1) or 846." Gonzalez filed a timely motion for reconsideration of the order denying his § 3582(c) motion, see FED.R.CIV.P. 59(e), which the District Court denied. Gonzalez

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. Id. at R.1(b).

2

appealed.

*United States v. Gonzalez*, 401 F. App'x 727, 727-28 (3d Cir. 2010). On appeal, the Third Circuit affirmed the judgment of the District Court denying Gonzalez's motion for a reduction in sentence and motion for reconsideration. *Id.*

Gonzalez filed the instant petition for writ of habeas corpus seeking to have his convictions and sentence vacated based on the United States Supreme Court case of *Rosemond v. United States*, ___ U.S. ___, 134 S.Ct. 1240 (2014) (holding that with respect to a charge of aiding and abetting the offense of using a firearm in the commission of a violent crime or drug felony, 18 U.S.C. § 924(c), an unarmed defendant must be proven to have had advance knowledge that his confederate would carry a gun). (Doc. 1, pp. 2, 8, 13-16). Gonzalez further seeks immediate release from custody. (*Id.* at p. 8).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h); 28 U.S.C. §

2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251-52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se*

inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Gonzalez contends that he "has been convicted of an act that the law does not make criminal rendering him actually innocent of [the] Conspiracy Conviction." (Doc. 1, p. 16). He further contends that his remedy via section 2255 is inadequate and ineffective to test the legality of his detention because Rosemond was decided after the disposition of his section 2255 petition. (Doc. 3, pp. 2-3).

The Rosemond Court held that in order to convict someone of a § 924(c) offense under an aiding and abetting theory, the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond, 134 S.Ct. at 1243. Although there is no controlling authority directly addressing whether a Rosemond claim can be brought in a habeas petition via § 2255's savings clause, Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. See, e.g., Schriro v. Summerlin, 542 U.S. 348 (2004). Rosemond was decided on March 5, 2014. The Rosemond Court does not indicate that it intended its holding to be applied retroactively, and the rule set forth in Rosemond does not appear to meet the qualifications

5

for retroactive application initially set forth in *Teague v. Lane*, 489 U.S. 288 (1989).[2]

Further, federal courts addressing similar challenges have universally concluded that *Rosemond* does not apply retroactively. *See, e.g., United States v. Newman*, 755 F.3d 543, 546-47 (7th Cir. 2014) (discussing *Rosemond* in context of direct appeal from conspiracy conviction); *United States v. Davis*, 750 F.3d 1186, 1192-93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Rodriguez v. Thomas*, 1:14-cv-1121, 2015 WL 179057, *5 (M.D. Pa. January 14, 2015); *United States v. Bentley*, 14-cv-4878, 2015 WL 12743602, *2 (E.D. Pa. June 10, 2015); *Rodriguez-Pena v. Werlich*, 14-cv-994, 2014 WL 4273631, *2 (W.D. La. Aug. 19, 2014); *Martinez v. United States*, 3:14-cv-1359-L, 2014 WL 3361748, *2 (N.D. Tex. July 9, 2014). Since the rule articulated in *Rosemond* does not apply retroactively to cases on collateral review, the section 2255 savings clause is unavailable to Gonzalez.

Accordingly, the instant petition is subject to dismissal for lack of jurisdiction.

---

[2] For retroactive application, a Supreme Court holding must set forth a "new rule" that is either "substantive" or is a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). A court holding qualifies as a "new rule" if it "breaks new ground or imposes a new obligation on the States or the Federal Government" and if "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). The *Rosemond* Court gave no indication that its holding broke "new ground" but, rather, explained that its holding was dictated by existing precedent. *See Rosemond*, 134 S.Ct. 1240, 1248-49 (2014). Thus, *Rosemond* does not appear to satisfy the requirement of constituting a "new rule."

## III. Conclusion

For the reasons set forth above, the Court lacks jurisdiction to consider the habeas petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Gonzalez's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion in the appropriate Court of Appeals.

A separate order shall issue.

Date: May 17, 2017

Robert D. Mariani
United States District Judge